[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on September 13, 1986. By complaint dated January 21, 1999, the Husband instituted this action claiming a dissolution of marriage, joint custody and visitation with the minor children, and other relief as law and equity might provide.
Two minor children were born issue of this marriage: Douglas V. Dunleavy born March 9, 1987 and Sharron Dunleavy born July 13, 1989.
The Husband is age 36 and in good health. The Wife is age 36 and in good health.
The parties separated in April 1995, when the Wife instructed the Husband to leave the marital home. Since then the Husband, without court order, has provided for the support of the Wife and the children. The Wife continued to hold out the hope that a dissolution would not occur. In that stance lay the substantial reason why the parties were unable to agree as to the division of the assets and the Husband's business.
The Husband owns his own business, Dunleavy's Road Service. The Wife works part-time cleaning homes, however, the court finds that the Wife has an earning capacity of $250.00. Now that the children are older, the Wife is free to work outside the home. During the marriage the parties had agreed that the Wife would remain at home with the children. Because of this agreement, the Wife's income in her retirement years will be diminished. The division of the assets, primarily the division of the marital home, takes this into consideration.
Much to their credit, the parties were able to agree on the custody and visitation for the children. However, they were unable to agree as to the financial orders to be entered by this Court. The Wife is seeking alimony and a portion of the Husband's business. The parties have completely different recollections of the extent in which the Wife participated in the Husband's business. The Wife claims an active and major role. The Husband admits to some involvement by the Wife but not to the degree claimed by the Wife. The truth lies somewhere in between. The parties stipulated to the value of the Husband's business at the time of the dissolution. However, after reviewing the tax returns submitted into evidence, it is clear that the Husband's business has substantially increased in value since the date of the parties separation five years CT Page 11012 ago. Since that separation the Wife (as agreed by both parties) has had little or no involvement in the Husband's business. (See Wendt v. Wendt,59 Conn. App. 656 (2000) This court finds that the Husband is the "business" and works 80 to 90 hours per week in that business. This work schedule contributed to the break down of the marriage together with the other financial strains under which this marriage suffered. However, this court also finds pursuant to Cardillo v. Cardillo, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket Number FA91 0114248 S (June 2, 1992, Coppeto, J.), and Leon v. Leon, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket Number FA97 0156908 S (October 29, 1997, Tierney, J.), that to take into account the business in both the property division and in the award of alimony would in effect be double dipping, since the business will provide the means under which the Husband pays both alimony and child support. Therefore, to give to the Wife a portion of the business and order alimony based upon the income from that business would be inequitable.
The Court finds, alter hearing the testimony of both the Wife and Husband, that fault for the dissolution of the marriage falls equally on both parties.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage will enter on the grounds of irretrievable breakdown to enter on September 11, 2000
CUSTODY/VISITATION
The parties shall share joint legal custody of the minor children and the minor children shall primarily reside with the Wife and she shall have physical custody of them. The Husband shall have visitation with the children as follows:
 — alternate weekends from Friday at 6:00 p.m. through Sunday at 6:00 p.m.
 — every Thursday from after school until 8:00 p.m. CT Page 11013
 — two consecutive weeks of summer vacation (The Husband shall select said weeks by June 1st of each year and present said selection to the Wife in writing by June 1st)
The parties shall share the holidays, birthdays and school vacations as may be agreed upon by them.
The Husband shall not take the children to any casinos or any attached casino establishments or gaming establishments during his visitations.
The Husband shall not take the children on service road calls in connection with his business.
The parties shall consult with each other concerning all major decisions affecting the children's lives, and the parties shall discuss and agree with regard to the same keeping in mind the best interests of the children. The Husband shall be entitled to parent tickets and notification with regard to any and all activities involving the children.
CHILD SUPPORT
The Husband shall pay to the Wife the sum of $431.00 per week as child support for the two children. said sum being in compliance with the Child Support Guidelines. This sum shall be paid by an automatic deposit to the Wife's checking account. A contingent income withholding shall enter, by agreement of the parties.
The obligations of support and maintenance of the minor children shall terminate as each such child attains the age of eighteen (18) years, marries, dies, becomes employed fill time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the child's support or becomes otherwise emancipated, which ever occurs first.
Notwithstanding that a child has reached the age of eighteen (18) years, if the child is a full time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
As long as he is current on his child support payments, the Husband shall take both children as dependents for tax purposes. CT Page 11014
ALIMONY
The Husband shall pay to the Wife alimony of $400.00 per week for a period of five (5) years from the date of the dissolution, non-modifiable as to term unless the Wife dies, remarries, or cohabitates as defined by statute. This sum shall be paid by an automatic deposit to the Wife's checking account.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
The Husband shall maintain, at his sole expense, the present medical/dental insurance for the children as long as he is obligated to pay child support for said child.
Pursuant to the Child Support Guidelines, the Husband shall pay 68% of the unreimbursed medical/dental expenses and the Wife shall pay 32 % of same.
The Wife shall not contract for any extraordinary expenses for the children without first consulting with the Husband except in case of emergencies.
The provisions of 46b-84 (e) shall apply.
MEDICAL INSURANCE — WIFE
The Wife shall be responsible for her own medical insurance coverage.
LIFE INSURANCE
The parties have entered into a written Stipulation regarding the Life insurance to be maintained by the Husband which is attached hereto.
PERSONAL PROPERTY
The Wife shall be entitled to all of the furnishings and personal property presently located in the family home which she occupies.
However, the Husband shall be entitled to remove the following items from the residence as being his personal property:
— his stamp collection
— his knife collection
— his archery set CT Page 11015
— his mounted sail fish
— his Flying Tiger pictures
— his business tools, if any, which remain on the premises.
REAL PROPERTY
The Husband shall immediately (within 10 days from the date of this decision) Quit Claim to the Wife all of his right, title and interest in and to the property located at 50 Platts Hill Road, Newtown, Connecticut. The Wife shall be entitled to immediate exclusive possession of the property and shall be solely responsible for the payment of the first mortgage, taxes, maintenance and all other upkeep of the property. The Wife shall indemnify and hold the Husband harmless in regards to the first mortgage. Within ninety (90) days from the date of this dissolution the Husband shall pay off the following Judgment Liens and effectuate their release from the land records for the property:
— Yale New Haven Hospital — Lien #1 $ 25.00
— Yale New Haven Hospital — Lien #2 $ 98.27
— Yale New Haven Hospital — Lien #3 $860.50
— Standard Oil of CT — Lien #4 $959.93
— American Frozen Foods — Lien #5 $921.40
The remaining liens, namely Danbury Hospital (2) and Danbury Radiology shall be the sole responsibility of the Wife and she shall indemnify and hold the Husband harmless from same.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
HUSBAND'S BUSINESS
The Husband shall retain his business known as Dunleavy's Road Service and the Wife shall have no claim for any interest in said business.
STOCKS — CHILDREN
CT Page 11016
The stocks accounts in the name of the children shall be maintained for the educational benefit of the children. The Husband shall provide to the Wife an annual accounting of such accounts on April 15th of each year. The accounts shall not be utilized unless both parties agree in writing prior to the disbursement of any funds.
STOCKS — HUSBAND
The Husband shall retain his 172 shares of Hubbell Stock free and clear of any claim by the Wife.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees
TAX RETURNS
The parties shall file separate tax returns for the year 2000 and thereafter.
MOTOR VEHICLES
The parties shall be entitled to their respective motor vehicles.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J.